No. 44,115

Janice Bolyard, *Appellee,* v. Emil Zimbelman, Sheriff of Cheyenne County, *Appellant.*

(402 P. 2d 813)

Opinion filed June 12, 1965.

*Selby S. Soward,* of Goodland, argued the cause, and *C. Bender,* of Goodland, was with him on the brief for the appellant.

*Fred Rueb,* of St. Francis, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

Wertz, J.: This was an action brought by plaintiff (appellee) Janice Bolyard against defendant (appellant) Emil Zimbelman for damages for the wrongful levy of an execution. On the issues as joined the case was tried to a jury which returned its verdict in favor of the plaintiff. From an order overruling defendant's motion for a new trial, he appeals.

We are first confronted with appellee's motion to strike from the files of this court appellant's record on appeal and to dismiss the appeal for failure on the part of the appellant to comply with Rule No. 6 of this court (191 Kan. xiv).

The facts pertinent to appellee's motion are as follows: On May 25, 1964, the trial court overruled defendant's motion for a new trial and entered judgment in favor of the plaintiff and against the defendant on the verdict of the jury. On June 1 defendant filed his notice of appeal from the trial court's order overruling his motion for a new trial and from the judgment entered thereon. It is apparent the transcript was ordered, and on September 17 appellant was given an additional fifteen days in which to serve and file his designation of contents of the record on appeal, and on October 1 was given an additional ten days for the same purpose. Within the time extended, and on October 9, appellant filed with the clerk of the district court his designation of the record and statement of points on which he intended to rely and his narrative statement of

the transcipt but failed to submit to or serve the same upon the appellee, and immediately thereafter had the clerk transmit the record, together with the district court file, to E. L. Mendenhall, Inc., a printing company in Kansas City, Missouri, for the purpose of printing the record on appeal. The record was so printed and twenty copies of the same were filed by Mendenhall with the clerk of this court on October 21. On October 22, 1964, appellant served by mail on appellee's counsel five copies of the record on appeal. On October 26 appellee filed her motion to dismiss the appeal as aforestated.

Rule No. 6, subdivision (a), insofar as pertinent, provides that appellant shall serve and file his designation of the record within twenty days after the completion of the transcript.

Subdivision (c) provides that a party shall file with his designation a narrative statement of such part of the testimony as he is designating to be included in narrative form, and any other party to the appeal, if dissatisfied with the narrative statement, may require testimony in question and answer form to be substituted for all or part thereof.

Subdivision (d), insofar as pertinent, provides that the appellant shall serve and file with his designation of the record a concise statement of the points on which he intends to rely and which will be briefed in the appeal. After the expiration of the period for designation of additional portions of the record, an appellant may not amend his statement of points relied on except by stipulation of the parties or order of the judge on such terms as will be just for the opposing parties. Within twenty days after the service and filing of the appellant's designation of the record and his statement of points, any other party to the appeal may serve and file a designation of additional portions of the record, proceedings, and evidence to be included, and may make objections to a narrative statement proposed by the appellant, or offer an alternative statement.

Subdivision (g) provides:

"Within thirty (30) days after all statements of points and designations of the record have been served and filed, the appellant shall cause the record to be reproduced and twenty (20) copies thereof filed with the Clerk of the Supreme Court, . . . When said copies are filed, the Clerk of the Supreme Court shall docket the appeal. . . ."

It is apparent from the record that appellant failed to comply with Rule No. 6 (d) in that after he filed his designation of the

record and statement of points he failed to allow appellee twenty days in which to serve and file a designation of additional portions of the record, proceedings and evidence to be included, or to make objections to a narrative statement proposed by appellant, or to offer an alternative statement, thus depriving appellee of the right to adequately present her portion of the record covering the statement of points relied on by appellant for review.

Due to the recent adoption of the mentioned rules, we have made an exception and reviewed the record and find the trial court did not err in any of the respects asserted by appellant. The case must be dismissed.

It is so ordered.